

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-84,725-01

### EX PARTE ALLEN ODONALD NASH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-12-13270-CR IN THE 9TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts of aggravated sexual assault of a child and sentenced to life imprisonment for each count.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal.

The trial court noted that appellate counsel's affidavit did not say whether Applicant communicated a desire to appeal during the time for perfecting appeal, and then concluded that

Applicant's inaction waived his appeal. However, counsel's affidavit says that he confirmed that a notice of appeal had been filed after he met with Applicant on the day of his appointment. Counsel admitted it was his responsibility to verify whether a notice of appeal was filed and he took responsibility for the failure to perfect appeal.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause No. 14-12-13270-CR from the 9th District Court of Montgomery County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: May 4, 2016
Do not publish